IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANDERSON, TRISH BOONE, SHARON CELLI, CODY CLOWDERS, JONNA COURI, ELAINE COX, NATHAN CREEKMORE, JUDY CRAVENS, JESSICA FREEMAN, SHADOW GENTLE, ROGER HARDWAY, JENNIFER HENRY, JEFFERY KEEN, PATIENCE MUTISO, DIANA NEWTON, STEVEN O'DELL, DEBORAH PACKER, THOMAS PACKER, BRADLEY PHILLIPS, BILL ROBINS, KRISTY ROGERS, JESSE SLONE, GINNY STOTT, MONICA TOLLETTE, SCOTT THORNTON, MELINDA TRAMEL, NICK TRAMEL, and GLEN ZORNES, Individually and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>ARROW TRUCKING CO., DOUGLAS PIELSTICKER, and CAROL PIELSTICKER,<br><br>Defendants. | **FILED**<br>JAN 08 2010<br>Phil Lombardi, Clerk<br>U.S. DISTRICT COURT<br><br>10 CV - 015 CVE  PJC<br><br>CASE NO. _____ |

## PLAINTIFFS' CLASS ACTION COMPLAINT

COMES NOW, ("Plaintiffs")[1], individually and as class representatives for all similarly situated former employees of Defendants ARROW TRUCKING CO., DOUG PIELSTICKER and CAROL PIELSTICKER[2] by and through their undersigned attorneys of record, J. Derek Ingle of Ryan Bisher Ryan, allege and state as follows:

---

[1] Plaintiffs' Counsel has been contacted by many other former employees, who have expressed interest in joining this lawsuit.

[2] The claims against Defendants Douglas Pielsticker and Carol Pielsticker are related to the State Law claims as set forth in Count II.

## INTRODUCTION

Plaintiffs were all employees of Defendant Arrow Trucking ("Arrow"), who were suddenly terminated without cause as a result of mass layoffs that occurred on or about December 21, 2009. Arrow violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§2101 *et seq.* (the "WARN Act") by failing to give the Plaintiffs and other persons similarly situated, who are members of the Class the Plaintiffs seek to represent, at least sixty (60) days prior notice of termination of their employment as required by the WARN Act. As a consequence, the Plaintiffs, and other similarly situated former employees, are entitled to recover from Arrow under the WARN Act, their wages and other employee benefits for sixty (60) working days following termination of their employment, which wages and benefits have not been paid. Plaintiffs and other similarly situated employees, also seek damages against Arrow Trucking, Douglas Pielsticker and Carol Pielsticker for failing to pay wages, forward medical insurance premiums and reimbursement expenses for work performed prior to the closure pursuant to the Oklahoma Protection of Labor Act and other applicable States' statutes.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## PARTIES

2.  The Plaintiffs, and other similarly situated former employees, had been employed by the Defendants, until their termination on or about December 21, 2009.

3.  The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, 29 U.S.C. §2104(a)(5) and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.

4. Defendant Arrow is an Oklahoma corporation, headquartered in Tulsa, Oklahoma.

5. Defendant Douglas Pielsticker is the Chief Executive Officer of Arrow and a resident of Tulsa, Oklahoma.

6. Defendant Carol Pielsticker is the Chairman of Arrow and is a resident of Tulsa, Oklahoma.

## FACTUAL ALLEGATIONS

7. Defendants employed in excess of 1000 employees at facilities throughout the United States.

8. On or about December 21, 2009, Defendants callously stranded drivers all over the United States by terminating them and instructing them that they should drop their vehicles at the nearest Freightliner location without regard as to how the employees would get home – just before the holidays no less.

9. Defendants gave no prior notice of this December 21 shutdown, failed to fund credit cards for fuel or provide transportation home.

10. Defendants knew or should have known at least sixty (60) days prior to the December 21 shutdown that it was likely that Defendants would be required to shut down or have significant mass lay-offs. Defendants willfully, negligently and/or recklessly failed to give adequate notice of the potential shutdown and/or layoff as required by the WARN Act.

11. For at least the final three to four (3 to 4) weeks of employment Defendants willfully and intentionally failed to pay employees wages, forward medical premiums to carriers or reimburse expenses to employees.

## CLASS ALLEGATIONS

12.     Plaintiffs, on behalf of themselves and other similarly situated members of the Class they seek to represent, adopt and incorporate the allegations contained in the preceding paragraphs herein as if fully restated herein.

### Definition of the Class

13.     Plaintiffs and the other similarly situated former employers constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Class is defined as all of those employees who were employed by Arrow (in facilities with greater than 50 employees), and who became "affected employees" because they suffered "employment losses" as a direct and proximate result of the plant closing and/or mass layoffs in December 2009 or thereafter, and to whom Arrow failed to provide notice in compliance with the WARN Act.

### Numerosity

14.     The Class is so numerous as to render joinder of all members impracticable as there are over 1400 former employees believed to be in the Class. The identities of the majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

### Existence and Predominance of Common Questions of Law and Fact

15.     Common questions of law and fact are applicable to all members of the Class. The common questions of law and fact arise from and concern the following facts and actions:

    a.     All Class members fall under the protection of the WARN Act;

    b.     All Class members were employees of Arrow;

    c.     Arrow terminated the employment of all the members of the Class;

d.  Arrow terminated the employment of the members of the Class without proceeding at least sixty (60) days' prior written notice as required by the WARN Act; and

e.  Arrow failed to pay wages to the Class members and failed to provide other employee benefits for the 60-day working period following the respective termination dates of their employment.

16.  The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### Typicality

17.  Plaintiffs' claims are typical of the claims of other members of the Class All such claims arise out of Defendants' failure to provide notice under the WARN Act and their failure to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoffs. Plaintiffs and other Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

### Adequate Representation

18.  Plaintiffs will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to or in conflict with those other Class members.

19.  Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have experience in matters involving employee rights, and federal court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the Class.

### Superiority

20.　A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a class wide basis rather than an individual basis.

### Risks of Inconsistent or Varying Adjudication

21.　Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon the other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

22.　Pursuant to Fed.R.Civ.P. 23(a), the Class meets all the requirements for class certification and class certification is also authorized by the WARN Act, 29 U.S.C. §2104(a)(5).

## CAUSES OF ACTION

### Count I

**WARN Act Claim of the Plaintiffs, individually, and those similarly situated, against Defendant Arrow**

23.　At all relevant times, Arrow had more than 100 full-time employees within the United States. At all relevant times, Arrow employed more than 100 employees who, in the

aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. At all times relevant, Arrow was an "Employer" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. § 639.3(a).

24.     On or about December 21, 2009 and thereafter, Arrow effected one or more "plant closings or "mass layoffs", as those terms are defined by 29 U.S.C. §2101(a)(2) and (3).

25.     The complete shutdown of the offices as "facilities or operating units" constitutes a "plant closing" within the meaning of 29 U.S.C. §2101(a)(2), making all persons "effected employees" as a direct and proximate result of the failure to give notice as required under the WARN Act.

26.     Alternatively, layoffs resulted in an employment loss of more than 1/3 of the Arrow employees, at pertinent "single sites of employment" and as such constituted "mass layoffs" within the meaning of 29 U.S.C. §2101(a)(3) in that at least 33% of the total employees (excluding any part-time employees) and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment or at least 500 employees (company-wide).

27.     Plaintiffs and those similarly situated were long-time employees of Arrow.

28.     Plaintiffs and those similarly situated were laid off on or about December 21, 2009 and thereafter without cause on their part or as the reasonably foreseeable consequence of a plant closing and/or mass layoffs ordered by Arrow and are "affected employees" within the meaning of 29 U.S.C. §2101(a)(6), at one or more single sites of employment. The Defendants failed to give written notice of the plant closing and/or mass layoff to the "affected employees" prior to the actual date of the closings and/or layoffs.

29.     The plant closing and/or mass layoffs resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(6), at one or more single sites of employment. The Defendants failed to give written notice of the plant closing and/or mass layoffs to the "affected employees" prior to the actual date of the closings and/or layoffs.

30.     The WARN Act requires that Arrow give Plaintiffs, and those similarly situated, at least 60 days prior written notice of termination of employment.

31.     Prior to the termination of employment, the Plaintiffs did not receive written notice from Defendants that complied with the requirements of the WARN Act.

32.     Defendants failed to pay Plaintiffs their respective wages, salary, commission, bonuses, accrued holiday pay and accrued vacation pay for 60 working days following the respective terminations of their employment.

33.     Defendant also failed to make pension and 401(k) contributions as required, and failed to provide health insurance coverage and other employee benefits under ERISA to the Plaintiffs for 60 calendar days from and after the dates of their respective terminations of employment.

34.     Defendants' failure to provide Plaintiffs with at least 60 days prior written notice of the termination of employment was a violation of federal law -- the WARN Act. The WARN Act specifically states that employers who violate the WARN Act are liable for "back pay" for each day of violation. 11 U.S.C. §2104(a)(i)(A).

35.     Because of Defendants' failure under the WARN Act, Plaintiffs are entitled to payment for their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for "the period for the violation, up to a maximum of sixty (60) days." 11 U.S.C. §2104(a)(1).

36.  As a result of Defendants' violation of the WARN Act, Plaintiffs, and those similarly situated, have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay and accrued vacation pay, pension contributions and 401(k) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the date of their termination; (c) the medical expenses incurred during such period by them that would have been covered and paid under the Defendants' employee benefits plan had that coverage continued for that period; and (d) interest accrued for the time value of the lost wages and benefits.

### Count II

#### State Law Claims of Plaintiffs, individually, and those similarly situated, against All Defendants

37.  Defendants failed to pay wages to Plaintiffs, and those similarly situated, for at least the final three to four weeks of employment in violation of 40 O.S. § 165.1 *et seq.*

38.  Arrow's CEO, Doug Pielsticker, and Arrow's Chairman, Carol Pielsticker (collectively "Pielsticker Defendants"), willfully and intentionally, directed that employees not be paid wages, forward medical premium payments, or reimburse expenses to employees. Pielsticker Defendants are "employers" liable under 40 O.S. § 165.1 *et seq.* or other applicable State wage payment laws.

39.  Pielsticker Defendants instructed and permitted employees to work for Arrow knowing that Arrow was unable at the time and would be unable to pay wages, forward medical premium payments or reimburse expenses to employees.

40. Class certification is also authorized by the Oklahoma Protection of Labor Act 40 O.S. § 165.9 and other States' statutes.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this class be certified and for money judgment in favor of Plaintiffs and those similarly situated equal to a sum of: (1) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions for 60 working days, (2) the benefit of health and medical insurance and other fringe benefits under ERISA for 60 working days, and (3) any medical or other expenses incurred during the 60 working days since their respective terminations of their employment that would have been covered and paid under Arrow's employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 28 U.S.C. §2104(a)(1)(A); Money judgment in favor of Plaintiffs and those similarly situated equal to a sum of: (1) unpaid wages, medical premiums not forwarded to carriers, unreimbursed expenses, accrued vacation pay, and other compensation, (2) liquidated or punitive damages and penalties as permitted by each State law; pre and post-judgment interest; reasonable attorney fees; all other relief this Court deems just and proper.

Respectfully submitted,

_____
J. Derek Ingle, OBA# 16509
RYAN BISHER RYAN
1516 South Boston Avenue, Suite 210
Tulsa, Oklahoma 74119
(918) 627-4567 - Telephone
(918) 627-5196 - Facsimile

ATTORNEYS FOR PLAINTIFFS